IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROGER CARLTON JOHNSON,

        Plaintiff,

  v.                               Civil Action 2:16-cv-1064
                                   Judge Michael H. Watson
                                   Magistrate Judge Jolson

UNITED STATES,

        Defendant.

**REPORT AND RECOMMENDATION**

On November 8, 2016, Plaintiff filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  (Doc. 1).  On the same day, the Court issued an Order noting that Plaintiff filed short-form application, making it difficult to determine whether paying the one-time filing fee of $400.00 would impose an undue hardship upon him.  (Doc. 2).  Thus, the Court ordered Plaintiff to complete the long-form application within ten days.  (*Id.*).  On November 15, 2016, Plaintiff filed the long-form application.  (Doc. 3).

As this Court explained in its previous Order, the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis* in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948).  An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id*. at 339 (internal quotation marks omitted).  Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship.  *See Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x. 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without

undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

Based upon its review of Plaintiff's long-form application, the Court finds that Plaintiff appears to have access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him. That is, paying the filing fee would not cause Plaintiff to deprive himself the necessities of life. Accordingly, it is RECOMMENDED that Plaintiff's motion for leave to proceed *in forma pauperis* be denied. (Docs. 1, 3).

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date:  November 15, 2016                      <u>/s/ Kimberly A. Jolson</u>
                                                             KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE