# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Roger Johnson,

    Plaintiff,

    v.                          Case No. 2:16–cv–1064

United States of America,         Judge Michael H. Watson

    Defendant.

## ORDER

Roger Johnson ("Plaintiff") initiated this case on November 8, 2016,  and moved to proceed *in forma pauperis.*  Mot., ECF No. 1.  United States Magistrate Judge Jolson thereafter issued an Order noting that Plaintiff had filed a short-form application to proceed *in forma pauperis* and ordering Plaintiff to file a long-form application.  Order, ECF No. 2.  Plaintiff filed a long-form application, Mot., ECF No. 3, and Magistrate Judge Jolson subsequently issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion.  R&R, ECF No. 4.  The R&R found that "Plaintiff appear[ed] to have access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him.  That is, paying the filing fee would not cause Plaintiff to deprive himself the necessities of life."  *Id.* at 2.  Plaintiff objects to the R&R.  Obj., ECF No. 5.

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b).  Under that rule, the Undersigned must determine *de novo* any

part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff makes two objections. First, he argues that the judicial branch of the government lacks authority to charge fees for the filing of lawsuits.

This objection is overruled. Congress requires the filing fee charged by this Court for the filing of a civil lawsuit. Specifically, 28 U.S.C. § 1914(a) states, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." Courts may charge such additional fees as are prescribed by the Judicial Conference of the United States, *id.*, which has increased the fee for non-prisoner civil actions to $400. Accordingly, this Court has authority to charge the filing fee.

Next, Plaintiff argues that his right to pursue happiness will be inhibited should the Court charge the prepayment of fees. Plaintiff contends he has only $600 in discretionary funds each month after the payment of expenses and thus has only $600 to spend in the pursuit of his happiness each month.

This objection is also overruled. The standard for proceeding without the prepayment of fees is whether it will render Plaintiff unable to provide the necessities of life for himself and his dependents. *Adkins v. E.I. DuPont de Nemours & Co*, 335 U.S. 331, 339 (1948). The fact that Plaintiff, by his own

admission, has $600 a month in discretionary funds demonstrates that that standard is not met.  Moreover, the filing fee does not inhibit Plaintiff's right to the pursuit of happiness.  It is Plaintiff's choice to file this lawsuit, and Plaintiff is free to spend his money instead on other endeavors that would bring him more enjoyment if he so chooses.

Accordingly, Plaintiff's objections, ECF No. 5, are **OVERRULED**; the R&R, ECF No. 4, is **ADOPTED**, and Plaintiff's motions for leave to appear *in forma pauperis*, ECF Nos. 1 & 3, are **DENIED**.  Plaintiff shall pay the full filing fee within thirty days, or this case will be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**