# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROGER CARLTON JOHNSON,**

**Plaintiff,**

**v.**

**UNITED STATES, et al.,**

**Defendants.**

**Case No. 2:16-CV-01064-MHW**
**JUDGE MICHAEL H. WATSON**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION

This matter is before the Court on the United States' Motion to Dismiss (Doc. 19) and Plaintiff's Motion to Amend the Complaint (Doc. 22). For the following reasons, the undersigned **RECOMMENDS GRANTING** the Motion to Dismiss (Doc. 19) and **DENYING** the Motion to Amend (Doc. 22) as futile.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this lawsuit against the United States on November 8, 2016. (Docs. 1, 7). The thrust of his Complaint is that he is not subject to the federal income tax. Specifically, Plaintiff alleges that the United States has taxed him illegally in the amount of $61,381.19. (Doc. 7 ¶ 8). He further alleges that the United States has violated the Constitution, his "God-given rights of privacy" and "rights to be secure in his house, papers and effects," and the Racketeer Influenced and Corrupt Organization ("RICO") and Hobbs Acts. (*Id.* at ¶¶ 10–17). Plaintiff seeks actual damages "in excess of $61,381.19, trebled to in excess of $184,143.57," punitive damages of $1,000,000.00, and an order that the United States release any and all liens and levies against him. (*Id.* at ¶¶ 22–24).

The United States moved to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Doc. 19). Plaintiff did not respond. Instead, he moved to amend his pleadings. (Doc. 22). He seeks to add claims pursuant to 42 U.S.C. § 1983, and to add Steven Mnuchin (the U.S. Treasury Secretary), John Koskinen (the Commissioner of the Internal Revenue Service ("IRS")), and various IRS agents identified as "J. Does." (*Id.*). The United States opposed the amendment as futile (Doc. 23), and Plaintiff replied (Doc. 25). United States District Judge Michael H. Watson referred the United States' Motion to Dismiss to the undersigned for a Report and Recommendation (Doc. 24).

## II.    DISCUSSION

### A.  Motion to Dismiss (Doc. 19)

Because the United States is immune from suit and Plaintiff's requested relief is otherwise barred, the undersigned recommends granting Defendant's Motion to Dismiss (Doc. 15).

Unless the United States waives its sovereign immunity, a plaintiff cannot bring suit against it for monetary damages. *United States v. Testan*, 424 U.S. 392, 399–400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)) ("[E]ntitlement to money damages depends upon 'whether any federal statute can 'fairly be interpreted as mandating compensation by the Federal Government for the [alleged] damage sustained.'"). Waivers of sovereign immunity must be expressed unequivocally and are "strictly construed" in favor of the government. *See United States v. Idaho*, 508 U.S. 1, 6–7 (1993); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Plaintiff brings claims pursuant to RICO, codified at 18 U.S.C. § 1961 *et seq*.; and the Hobbs Act, codified at 18 U.S.C. § 1951.  There is no statute waiving the sovereign immunity of the United States for a suit under these statutes.  Indeed, the RICO statute contains no express waiver of sovereign immunity, and "every court that has considered the issue has recognized that the United States has not waived its sovereign immunity for claims brought under RICO." *Norris v. United States DOD*, No. 95-2392, 1996 U.S. Dist. LEXIS 22753, at *5 (D.D.C. Oct. 28, 1996) (citing *Nat'l Commodity and Barter Assoc. v. Gibbs*, 886 F.2d 1240, 1246-47 (10th Cir. 1989); *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 22-27 (2d Cir. 1989); *Harley v. United States Department of Justice*, Civil Action No. 94-0807, Order at *8 (D.D.C. Oct. 7, 1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (holding that federal government cannot be sued under RICO because it cannot be "prosecuted" for predicate acts)).  The same is true for the Hobbs Act.  *See, e.g.*, *Supplee v. United States*, No. 16-CV-2625, 2017 U.S. Dist. LEXIS 83169, at *7, (N.D. Ohio May 31, 2017) ("There is no statute waiving the sovereign immunity of the United States for a suit for money damages for constitutional violations or violations of the Hobbs or RICO Acts.").

Moreover, the Anti-Injunction Act bars Plaintiff's request for an order requiring the United States to release any and all liens and levies against him.  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421.  The Supreme Court has interpreted this to mean that courts do not have jurisdiction "to entertain suits seeking injunctions prohibiting the collection of federal taxes[.]"  *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5–6 (1962).  Accordingly,

this Court lacks jurisdiction for Plaintiff's claims under the Hobbs and RICO Acts and his claims for injunctive relief.

In cursory fashion, Plaintiff also cites three sections of Title 26 in which Congress has waived its sovereign immunity: 26 U.S.C. § 7426; 26 U.S.C. § 7432; and 26 U.S.C. § 7433. But Plaintiff is ineligible to bring suit under any of these statutes. Plaintiff cannot seek relief under Section 7426 because "[a]s a "prerequisite of establishing a § 7426 waiver of sovereign immunity . . . .the person asserting the wrongful levy claim must not be one against whom the tax is asserted." *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). Put simply, because Plaintiff is challenging a levy that arose from his own tax liabilities, he cannot bring suit under § 7426.

Nor does § 7432 provide Plaintiff provide an avenue for relief. Section 7432 applies only to those who have satisfied their tax liens and exhausted all administrative remedies. 26 U.S.C. § 7432(a), (d)(1); *see also* 26 U.S.C. § 6325; 26 C.F.R. § 301.7433-1(e). Plaintiff has not pled that he has satisfied his lien or the administrative prerequisites. The Sixth Circuit has held that courts must dismiss proceedings if no administrative claim has been filed. *Hoogerheide v. IRS*, 637 F.3d 634, 636–39 (6th Cir. 2011) ("[Plaintiff] did not exhaust his administrative remedies, and the United States timely raised failure to exhaust as a defense in a motion to dismiss. For that reason his claim must be dismissed.").

Additionally, Plaintiff has not pled sufficient facts to demonstrate a basis for relief under § 7433, which provides limited damages for "actual, direct, economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the office or employee." 26 U.S.C. § 7433(b)(1); *see also* 26 U.S.C. § 7214. And like § 7432, § 7433 requires exhaustion. Moreover, § 7433 caps damages at $1 million and limits damages to

4

"actual, direct, economic damages." 26 U.S.C. § 7433(b). As such, Plaintiff's requests for punitive and treble damages fail.

For all of these reasons, the Court recommends dismissing all claims against the United States.

### B. MOTION TO AMEND (Doc. 22)

As noted, rather than oppose the United States' Motion to Dismiss, Plaintiff sought leave to amend his Complaint. (Doc. 22). He seeks to add claims pursuant to 42 U.S.C. § 1983, and to add Steven Mnuchin (the U.S. Treasury Secretary), John Koskinen (the Commissioner of the Internal Revenue Service ("IRS")), and various IRS agents identified as "J. Does." (Doc. 22). The United States opposes the amendment as futile. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." However, a motion to amend may be denied if allowing the proposed amendment would be futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

With respect to Plaintiff's claim for damages under 42 U.S.C. § 1983, that statute provides no relief against those who act pursuant to federal rather than state law. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973)). *See also John's Insulation, Inc. v. Siska Const. Co., Inc, et al.*, 774 F. Supp. 156, 161 (S.D.N.Y. 1991) ("Actions of the Federal Government or its officers are exempt from the proscriptions of § 1983."). Consequently, Plaintiff's action under § 1983 has no merit.

Plaintiff's proposed amended complaint also seeks injunctive relief.  As explained, *supra*, the Anti-Injunction Act bars such relief.   Likewise, to the extent Plaintiff's proposed amended complaint seeks declaratory relief, the Declaratory Judgment Act expressly exempts from its purview controversies "with respect to Federal taxes" other than those related to the status and classification of non-profit organizations 28 U.S.C. § 2201(a); *see Dickens v. United States*, 671 F.2d 969, 972 (6th Cir. 1982) ("[T]he Declaratory Judgment Act is not available 'with respect to federal taxes.'" (quoting 28 U.S.C. § 2201)).

Finally, the individually named defendants in the proposed amended complaint are not proper defendants in this action.  Where a party seeks judicial "compulsion against the sovereign, although nominally directed against the individual officer," the suit "is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949).  Put another way, relief sought "nominally against an officer is in fact against the sovereign if the decree would operate against the latter."  *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).  Because the allegations in Plaintiff's proposed amended complaint concern the individual defendants' conduct in their official capacity only, the requested relief is against the United States.  *Robertson v. Johnson*, NO. 05-2190, 2006 U.S. Dist. LEXIS 26640, at *8 (S.D. Tex. April 25, 2006) ("As an IRS agent acting in her official capacity, Johnson is shielded by sovereign immunity because Robertson's suit is viewed as one against the United States.") (citing *Larson*, 337 U.S. at 688).  Consequently, adding these defendants to this lawsuit would be futile because, like the United States, sovereign immunity protects them from suit.

## III.    CONCLUSION

For the following reasons, the undersigned **RECOMMENDS GRANTING** the Motion to Dismiss (Doc. 19) and **DENYING** the Motion to Amend (Doc. 22).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: September 25, 2017                    /s/Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE