# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Roger Carlton Johnson,

      Plaintiff,

      v.                               Case No. 2:16-cv-1064

United States,                Judge Michael H. Watson

      Defendant.            Magistrate Judge Jolson

## OPINION AND ORDER

On September 25, 2017, Magistrate Judge Jolson, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court grant the United States of America's ("Defendant") motion to dismiss, ECF No. 19, and deny Roger Carlton Johnson's ("Plaintiff") motion to amend, ECF No. 22, in this *pro se* tax case.

Plaintiff's complaint sues only Defendant. It alleges that Plaintiff is a citizen of Ohio and that Defendant is violating the United States "Constitution, Acts of Congress and U.S. Supreme Court holdings"[1] by taxing Plaintiff's pension fund because the pension fund does not produce "income" for purposes of assessing federal income taxes.

---

[1] Among the statutes Plaintiff alleges Defendant violated are the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and the Hobbs Act, 18 U.S.C. § 1951.

After Defendant moved to dismiss Plaintiff's complaint, Plaintiff moved to amend the same. Mot., ECF No. 22. The amended complaint seeks to add Steven Mnuchin (United States Secretary of the Treasury), John Koskinen (Commissioner of the Internal Revenue Service ("IRS")), and unnamed John Doe IRS agents as defendants ("Proposed Defendants") and seeks to remove the United States of America as a defendant. Am. Compl., ECF No. 22-1. It further seeks to add claims against Proposed Defendants under 42 U.S.C. § 1983. *Id.*

With respect to Defendant's motion to dismiss, the R&R concluded that Defendant is entitled to Sovereign Immunity on Plaintiff's request for money damages and that Plaintiff's requested relief was otherwise barred. R&R 2, ECF No. 26. Specifically, the R&R noted that neither RICO nor the Hobbs Act contains an express waiver of sovereign immunity and that every court to have considered the issue with respect to these statutes has found no waiver. *Id.* at 3 (quoting and citing cases). Further, the R&R concluded that the Anti-Injunction Act bars Plaintiff's request for a release of the liens and levies against him. *Id.* Finally, the R&R noted that Plaintiff cited in his complaint several statutes that include waivers of sovereign immunity but explained that Plaintiff was ineligible to bring suit under any of those statutes. *Id.* at 4 (explaining why Plaintiff was ineligible to bring suit under 26 U.S.C. §§ 7426, 7432, or 7433).

The R&R also recommended denying Plaintiff's motion to amend as futile. Specifically, it explained that Proposed Defendants are all federal agents and that Plaintiff cannot bring § 1983 claims against those who act under color of

*federal* law rather than state law. R&R 5, ECF No. 26. Further, it concluded that Plaintiff's prayers for injunctive relief against Proposed Defendants fail under the Anti-Injunction Act for the reason they failed against Defendant. *Id.* at 6. Finally, the R&R concluded that Plaintiff's proposed substitution of defendants was futile in any event because the amended complaint's official-capacity claims against Proposed Defendants would be construed as claims against the United States of America and would therefore fail for the reasons addressed in conjunction with Defendant's motion to dismiss. *Id.*

Plaintiff timely objected to the R&R.

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* The Court considers each of Plaintiff's objections.

First, Plaintiff objects that the R&R's statement, "[t]he thrust of [Plaintiff's] Complaint is that he is not subject to the federal income tax," R&R 1, is a mischaracterization of Plaintiff's claim. Obj. 1, ECF No. 26. Plaintiff argues that he does not claim that he is not *subject* to the federal income tax but rather that he does not *owe* any federal income tax because he has never received federal income.

This statement in the R&R is not an incorrect characterization of the thrust of Plaintiff's Complaint. In any event, it does not affect any of the legal conclusions contained in the R&R, and, as such, Plaintiff's first objection is overruled as moot.

Plaintiff's second and third objections are identical. In them, Plaintiff objects to the R&R's conclusion regarding sovereign immunity. He contends that § 1983 waives any immunity for claims brought pursuant to RICO or the Hobbs Act and overcomes the Anti-Injunction Act.

These objections are not well taken. First, 42 U.S.C. § 1983 applies to persons who act under color of *state* law, not federal law, and Plaintiff's proposed amended complaint is therefore futile as it attempts to bring claims against federal actors.[2] 42 U.S.C. § 1983 ("Every person who, under color of any statute . . . *of any State or Territory or the District of Columbia* . . . .") (emphasis added); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("To prove a claim under 42 U.S.C. §1983, a plaintiff must establish: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation *by a person acting under color of state law*." (citation omitted)) (emphasis added). Moreover, contrary to Plaintiff's contention, § 1983 does not waive the federal government's

---

[2] For the same reason, Plaintiff's fifth objection, which states simply that "Plaintiff's Amended Complaint clearly sets forth the illegal acts of Defendants and can withstand a Rule 12 motion to dismiss," Obj. 2, ECF No. 27, and sixth objection, which contends that § 1983 applies to those who act under color of federal law, *id.* at 3, both fail.

sovereign immunity for any of the statutes invoked in Plaintiff's original Complaint.

Fourth, Plaintiff objects to the R&R's conclusion that Plaintiff did not exhaust his administrative remedies with respect to any claims brought under 26 U.S.C. §§ 7432, 7433. He argues that "[f]or years Plaintiff has been objecting to Defendants [sic] actions for taking his money for federal taxes that he does not owe." Obj. 2, ECF No. 27. He states that he has filed claims, mailed letters to Defendant, and has asked for a collection due process hearing. *Id.*

This objection lacks merit as well. The R&R properly concluded that Plaintiff's Complaint does not allege that he satisfied the administrative prerequisites to bringing suit under 26 U.S.C. §§ 7432 or 7433.

For the reasons addressed above, each of Plaintiff's objections is meritless. Accordingly, the same are **OVERRULED**. The Court **ADOPTS** the R&R, **DENIES** Plaintiff's motion to amend, ECF No. 22, **GRANTS** Defendant's motion to dismiss, ECF No. 19, and **DISMISSES** the case for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
M**I**CHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT